# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 21-2344V

Filed: April 3, 2023

| | |
|---|---|
| DAVID MOORE, | |
| Petitioners, | UNPUBLISHED |
| v. | Decision on Entitlement; Dismissal of Petition; Vaccine Act. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

**DECISION DISMISSING PETITION**[1]

### I.  Procedural History

On December 29, 2021, David Moore ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq*.[2] (the "Vaccine Act" or "Program") alleging that Petitioner suffered from Guillain-Barré syndrome ("GBS"), as a result of the tetanus, diphtheria, and pertussis ("Tdap") vaccine he received on May 24, 2019. ECF No. 1.

Petitioner filed medical records on December 29, 2021. ECF No. 1. On July 21, 2022, Respondent filed a status report requesting additional records and expressing his willingness to

---

[1] This Decision will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided in 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. To do so, each party may, within 14 days, request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, this Decision will be available to the public in its present form. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

engage in informal settlement negotiations. ECF No. 13. On September 27 and 28, 2022, respectively, Petitioner filed additional medical records and a status report confirming that all medical records had been filed. ECF Nos. 16, 17.

On October 13, 2022, Respondent filed a status report questioning whether Petitioner had satisfied the severity requirement by showing that he suffered sequela of his alleged vaccine-related injury for more than six months after receiving the vaccine. ECF. No. 18. I held a status conference via telephone on October 19, 2022, during which I gave Petitioner 60 days to file objective documentation that his symptoms continued after his discharge from physical therapy. ECF No. 19. On February 7, 2023, Petitioner filed his supplemental declaration and that of his wife. ECF No. 22. The declarations describe the expenses they have incurred to assist Petitioner with his ongoing GBS symptoms, including medical and assistive devices for their home and rental of a slip for their boat. *Id.*

I held another status conference via telephone on February 9, 2023. I informed Petitioner that the declarations filed did not constitute the objective evidence necessary to satisfy the severity requirement. ECF No. 24. Petitioner's counsel indicated that Petitioner had continued to see his primary care doctor, but that, despite Petitioner's requests, the ongoing deficits resulting from his GBS were not being documented in the medical record. *Id.* I suggested that Petitioner consider filing receipts for the medical and assistive devices and boat slip mentioned in the declarations. *Id.*

On February 16, 2023, Petitioner filed his boat slip lease. ECF No. 25. Petitioner's counsel confirmed to my law clerk via email that Petitioner did not intend to file further documentation. ECF No. 26. I held another status conference via telephone on February 21, 2023, during which I informed Petitioner that the evidence in the record was not sufficient to substantiate the severity requirement. *Id.* I informed Petitioner that his options were (1) to request more time to gather evidence in support of the severity requirement, or (2) to move to dismiss the case. *Id.*

On April 3, 2023, Petitioner filed a motion for a decision dismissing his petition. ECF No. 29. In it, Petitioner states that

> [a]n investigation of the facts supporting his case has demonstrated to Petitioner that he will be unable to prove that he is entitled to compensation in the Vaccine Program. In these circumstances, to proceed further would be unreasonable and would waste the resources of the Court, the respondent, and the Vaccine Program.

*Id.* at 1.

## II. Conclusion

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or (2) that he suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone. Rather, the petition

must be supported by either medical records or by the opinion of a competent medical expert. Section 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet his burden of proof. Petitioner's claim therefore cannot succeed and, in accordance with their motion, must be dismissed. Section 11(c)(1)(A).

As such, **IT IS ORDERED THAT,**

Petitioner's petition is hereby **DISMISSED. The clerk shall enter judgment accordingly.**[3]

**IT IS SO ORDERED.**

                                       **s/ Katherine E. Oler**
                                       Katherine E. Oler
                                       Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.